UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD R. YOUNG,

        Plaintiff,

     v.                            ORDER

MICHAEL J. ASTRUE,           Civil No. 09-23-AC
Commissioner of Social Security

        Defendant.

HAGGERTY, District Judge:

Magistrate Judge Acosta refers to this court a Findings and Recommendation [34] in this matter.  The Findings and Recommendation addressed a motion from plaintiff's counsel seeking a fee award in the amount of $29,538.25 (which purportedly represents twenty-five percent of his client's retroactive disability benefits, which was the contractual agreement struck between counsel and his client).  The Findings and Recommendation concluded that counsel is entitled to $23,630.00 in fees under 42 U.S.C. § 406(b), which is approximately twenty percent of his client's retroactive benefits, and approximately eighty percent of the fees requested by counsel. Findings and Recommendation at 24.  There is no dispute that any fee awarded pursuant to 42 U.S.C. § 406(b) is subject to an offset of any fees counsel receives pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Accordingly, in cases in which a court approves a fee award based upon EAJA as well as a § 406(b) fee payment, the claimant's attorney must refund

1 - ORDER

to the claimant the amount of the smaller of the fee payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The government offered no objection to the Findings and Recommendation, or previously to the underlying request for fees brought by opposing counsel. Plaintiff's counsel, as the real party in interest in determining the percentage of the disability claimant's retroactive benefits that the court should redirect to counsel, objects to the Findings and Recommendation. Specifically, counsel objects to the conclusion that counsel should receive twenty percent of his client's retroactive benefits rather than twenty-five percent.

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc*., 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Aspects of the Findings and Recommendation to which no objections are raised are evaluated and are adopted unless clear error appears on the face of the record. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). No clear error exists regarding any unopposed finding or recommendation.

## ANALYSIS

The Magistrate Judge provided a thorough analysis of the applicable law and standards for determining a just fee award under 42 U.S.C. § 406. Pursuant to directives from the United States Supreme Court, this court must examine a 406(b) fee agreement to determine whether it is permissible under applicable statutes, and also whether the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht*, 535 U.S. at 796-807.

A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v.*

*Commissioner*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting

*Gisbrecht*, 535 U.S. at 807 n.17). The court has a duty to review contingent-fee arrangements as

an independent check and to issue an affirmative judicial finding that the fee allowed is

reasonable. *Id*. (citation and internal quotation omitted); *see also Lewis v. Sec'y of Health and

*Human Servs.*, 707 F.2d 246, 248-50 (6th Cir. 1983) ("[r]outine approval of the statutory

maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps,

a reasonable fee will be much less than the statutory maximum.") (citation and internal quotation

omitted).

Counsel bears the burden to establish the requested fee's reasonableness. *Gisbrecht*, 535

U.S. at 807. The four factors to be considered when evaluating the requested fee's

reasonableness have been identified by the Ninth Circuit as derived from the *Gisbrecht* analysis:

    a.    the character of the representation, specifically, whether the representation was substandard;

    b.    the results the representative achieved;

    c.    any delay attributable to the attorney seeking the fee; and

    d.    whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford v. Astrue*, 586 F.3d 1151-53 (9th Cir. 2009) (citations omitted). This court must

ensure that the disabled claimant is protected from having to surrender retroactive disability

benefits in a disproportionate payment to counsel. *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*,

535 U.S. at 808).

An order for an award of benefits should not be viewed in isolation, nor can it be

presumed always to require a fee award of twenty-five percent of a claimant's retroactive

benefits award. *Dunnigan,* Civil No. 07-1645-AC, 2009 WL 6067058, at *12.

> If obtaining benefits always supported awarding fees for the full twenty-five
> percent, it would make irrelevant the other *Gisbrecht* factors and render
> perfunctory the trial courts' assigned task of "making reasonableness
> determinations in a wide variety of contexts[.]"

*Id*. (quoting *Gisbrecht*, 535 U.S. at 808).

After examining the entire record, the Findings and Recommendation concluded that counsel failed to meet his burden of establishing that redirecting the "entire twenty-five percent fee authorized by the statute" to counsel is reasonable.  Findings and Recommendation at 11.  Instead, reducing the fee award to approximately twenty percent of the disabled claimant's retroactive benefits was viewed as reasonable because of delays in the case (the Magistrate Judge determined that a "slight" reduction was warranted because counsel requested a total of over four months in delays for reasons that were largely unrelated to the claimant or his case), and because the hours expended by counsel appear somewhat excessive.  Findings and Recommendation at 14-22.  The Magistrate Judge also concluded that the risk associated with this case "was not particularly high," and that this warranted a reduction in the fee award.  Findings and Recommendation at 23.  The recommended fee of $23,630.00 is approximately twenty percent of the disabled claimant's retroactive benefits rather than the twenty-five percent sought by counsel. Findings and Recommendation at 24.

Counsel's objections take exception to the reasoning in the Findings and Recommendation regarding (1) counsel's time spent on this case (Objections at 4-7), and (2) the case's complexity and counsel's risks (Objections at 7-13).  These objections are addressed in turn.

### 1.    Reasonable time

Counsel's suggestion that the reasonableness of his claimed time on this case should be construed as "previously decided by this court" is rejected.  Objections at 4.  Counsel relies upon

the government's prior stipulations regarding EAJA fees, and this court's ultimate acceptances of EAJA fee requests, for the proposition that counsel's claimed hours were implicitly approved already, and to find otherwise now is "legal error," would threaten "havoc," and might undermine the "bedrocks of the judicial system" (consistency and dependability). Objections at 5 (citations omitted).

Counsel provides no authority for the notion that prior EAJA fee awards should be construed as establishing a basis for assuming an inherent reasonableness on the part of the counsel in any of the *Gisbrecht/Crawford* factors that must be considered in 406(b) fee awards. As noted above, this court is charged by the Supreme Court with the responsibility of examining 406(b) fee agreements to determine whether the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht*, 535 U.S. at 796-807. The Court made no mention of a theory that prior EAJA fee awards might lessen that responsibility. This court declines counsel's proposal to implement such a theory.

The Magistrate Judge's analysis of the hours counsel claimed, and his explanation of why that analysis supported awarding a fee to counsel that was slightly less than the maximum amount allowed by statute, remain compelling. Counsel's concern that the court's alleged "micro-dissection" of counsel's time-claims might "discourage effective advocacy" has been considered and is found to be wholly unwarranted. Objections at 7. The Magistrate Judge complied with Supreme Court and Ninth Circuit guidance in fulfilling his duty to examine the record of this matter. The analysis undertaken regarding counsel's time-claims is adopted in its entirety.

### 2.    Risk and complexity

Counsel also interprets the Findings and Recommendation's reasoning regarding the amount of risk present in litigating a case that was "previously denied eight times by the Agency

and survived two federal court appeals" as inconsistent.  Objections at 8.  In his Objections, counsel re-emphasizes that the "actual risk of an average social security case" can be determined "only through national averaging."  Objections at 9.  Nationally, counsel argues, "only 33.2 percent of all cases appealed to federal court end up getting paid."  *Id*.  Counsel advances this computation again as grounds for asserting that the Magistrate Judge "abused his discretion," Findings and Recommendation at 12, and for justifying a fee award equaling the maximum amount of a disabled claimant's retroactive benefits allowed by statute.

The Magistrate Judge's analysis is sound and in full compliance with the mandates of the Supreme Court and Ninth Circuit.  It is true that the nature of contingency work is one element that can be fairly considered when evaluating *Crawford*'s fourth factor – whether the fee sought is in proportion to the time spent on the case and whether counsel is receiving an unwarranted windfall.  This court is mindful – as was the Magistrate Judge – of the difficulty attorneys face in undertaking contingency work on behalf of Social Security claimants.

Although contingency fees is one element that is considered, it does not serve as a sole basis for justifying a fee award at the maximum percentage allowed by statute.  A court's careful evaluation of counsel's fee request is guided by the *Gisbrecht* and *Crawford* decisions.  The *Crawford* court reviewed the consolidated appeals by three plaintiff's attorneys who had executed twenty-five percent fee agreements similar to the agreement at issue here.  The three counsel had each requested fees under their agreements for less than the maximum amount the agreements contemplated: one attorney sought 16.95 percent of his client's retroactive benefits, another sought 15.12 percent, and the third sought 13.94 percent.  *Crawford*, 586 F.3d at 1144-46.

The Ninth Circuit overturned the lower court's conclusion that those fee requests – each well below the maximum allowable – were unreasonable.  *Id*. at 1151-52.  This decision was

consistent with the Supreme Court's acknowledgment that "§ 406(b) calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

Here, the Findings and Recommendation establishes that an independent check was performed. After evaluating all the factors described in *Crawford*, the reasoning presented by the *Gisbrecht* Court, in the *Crawford* and *Dunnigan* decisions, after scrutinizing the record of this action, as well as the work required of counsel and the success obtained by him, the Magistrate Judge concluded that a fee award in the amount of approximately twenty percent of the claimant's retroactive benefits is warranted. Counsel's objections that the award is less than the maximum twenty-five percent that he sought are overruled.

## CONCLUSION

The Findings and Recommendation [34] is adopted in its entirety. Counsel's motion for a fee award is granted in part in the amount of $23,630.00, subject to any applicable offset by prior EAJA fee awards.

.       IT IS SO ORDERED.

DATED this  26  day of April, 2011.


                                             /s/Ancer L. Haggerty
                                            Ancer L. Haggerty
                                            United States District Judge